UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM FEAR, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br>PLAINTIFF <br><br> v. <br><br> BIG CITY ACCESS, INC., BIG CITY ACCESS HOLDINGS, LLC AND BARBARA ROBERTS, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § § | CA 4:20-cv-1511 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff William Fear ("Plaintiff" or "Fear"), on behalf of himself and all others similarly situated, files this Original Collective Action Complaint against Defendant Big City Access, Inc., Big City Access Holdings, LLC and Barbara Roberts, Individually ("Defendants").

### I.   PRELIMINARY STATEMENT

1.1   This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants provide scaffolding, material hoists, and trash chutes, among other things, for construction and maintenance projects throughout Texas. Defendants employed Fear as a construction worker from December 2019 through April 2020.

1.2   Fear was paid on an hourly basis.

1.3   Throughout his employment, Defendants would shave or reduce Fear's hours, resulting in underpayment of both Fear's regular and overtime hours.

1.4     William Fear, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by shaving or reducing the hours of their hourly employees to avoid and/or minimize their obligations to pay such employees overtime compensation when they worked over forty hours in a week.

## II.     JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into a relationship with Fear in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     William Fear is an individual residing in Harris County, Texas.   His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendants**

3.2     Defendant Big City Access, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Houston, Texas.

3.3     Defendant Big City Access, Inc. was an employer of Fear and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     Defendant Big City Access, Inc. can be served with process by serving its registered agent for service of process, Barbara Roberts, at 3302 Carolina Way, Richmond, Texas 77469.

3.5     Defendant Big City Access Holdings, LLC is a foreign limited liability company formed and existing under the laws of the State of Delaware and maintains and operates its principal office in Houston, Texas.

3.6     Defendant Big City Access Holdings, LLC was an employer of Fear and those similarly situated as defined by 29 U.S.C. §203(d).

3.7     Defendant Big City Access Holdings, LLC can be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas Texas 75201.

3.8     Barbara Roberts is the President and Director of Big City Access, Inc.  Big City Access, Inc. is a managing member of Big City Holdings, LLC.  Barbara Roberts may be served at 3302 Carolina Way, Richmond, Texas 77469.

3.9     At all times relevant to this claim, Barbara Roberts acted directly or indirectly in the interest of Defendant Big City Access, Inc. and Big City Access Holdings, LLC (collectively "Big City") in relation to Fear's employment.

3.10    Barbara Roberts was an employer of Fear as defined by 29 U.S.C. §203(d).

3.11    At all times hereinafter mentioned, Barbara Roberts exercised managerial responsibilities and substantial control over the employees of Big City, including Fear, and the terms and conditions of their employment.  Roberts has the authority to: hire, fire and direct Big City employees, including Fear; supervise and control the employment relationships and work schedules of Big City employees, including Fear; set and determine the rate and method of pay of Big City employees, including Fear; and decide whether Fear received overtime compensation.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendants each had gross operating revenue in excess of $500,000.00.

4.3    At all relevant times, Defendants have each been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendants employed "employees", including Fear and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5    At all relevant times, Defendants each employed two or more persons in interstate commerce.

4.6    At all relevant times, Defendants have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7    At all relevant times, Fear and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8     At all relevant times, Defendants have each been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants provide scaffolding services in and around Texas.

5.2     Defendants employed Fear as a construction worker during the three-year period preceding the filing of this Complaint.

5.3     Defendants paid Fear and those similarly situated on an hourly basis, but would shave their hours to avoid and/or minimize payment of overtime compensation.

5.4     Fear and those similarly situated consistently worked over forty hours per week.

5.5     Fear and those similarly situated were non-exempt employees.

5.6     As a result of their time shaving scheme, Defendants failed to pay Fear and those similarly situated for all overtime hours worked.

5.7     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.8     Defendants maintained and exercised the power to hire, fire, and discipline Fear and those similarly situated during their employment with Defendants.

5.9     Fear and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.10    At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Fear and those similarly situated.

5.11    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.12    Defendants' actions were willful and in blatant disregard for the federally protected rights of Fear and those similarly situated.

## VI.   COLLECTIVE ACTION ALLEGATIONS

6.1    Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA.  Fear is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2    Fear brings his claim for relief on behalf of all persons who worked for Defendants as hourly employees whose time was unlawfully shaved by Defendants at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3    Defendants paid Fear and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.  However, Defendants did not pay Fear or the Collective Class overtime compensation for all hours worked over forty per week.

6.4    Though their job titles may vary, the members of the Collective Class were all subjected to Defendants' time shaving scheme.

6.5    Fear's experiences are typical of the experiences of other similarly situated employees.

6.6    Defendants' operations with respect to Fear and the Collective Class and wages paid to Fear and the Collective Class are substantially similar, if not identical.

6.7    Defendants' pattern of shaving time to avoid its overtime obligations as mandated under the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Fear and the Collective Class.

6.8    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Fear files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Fear brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Fear brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.  Accordingly, the members of the Collective Class are properly defined as:

> **All current and former hourly employees of Defendants whose hours were shaved or otherwise reduced and who were therefore not paid overtime premiums for all hours worked over forty per workweek.**

6.10    Fear requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Fear seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Fear's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Fear will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     Fear and all others similarly situated are non-exempt employees.

7.3     As non-exempt employees under the FLSA, if Fear and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums.

7.4     Over the course of the relevant period, Fear and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Fear and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime compensation for all hours worked in excess of forty per week.

7.6     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Fear and all others similarly situated overtime premiums for all hours worked over forty per workweek.

7.7     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Fear and all others similarly situated.

7.8     No excuse, legal justification or exemption excuses Defendants' failure to pay Fear and all others similarly situated overtime compensation for all hours worked over forty in a workweek.

7.9     Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10    Fear and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff William Fear and all others similarly situated respectfully pray that Defendants Big City Access, Inc., Big City Access Holdings, LLC and Barbara Roberts be cited to appear, and that, upon trial of this matter, Fear and the Collective Class recover the following against Big City Access, Inc., Big City Access Holdings, LLC and Barbara Roberts, jointly and severally:

a. Actual damages for the full amount of their unpaid overtime compensation;

b. Liquidated damages in an amount equal to their unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**